MURRAY
LEGAL PLLC

September 25, 2026

**Via ECF:**
Hon. Paul A. Engelmayer, U.S.D.J.

Re: ZOO CAPITAL HOLDINGS, LLC, et al v. TITAN CAPITAL GRP, et al. - Case No.: 26-cv-07224 (PAE)
Opposition to Plaintiffs' Letter Request For Order to Show Cause

Dear Judge Engelmayer:

My office was retained to represent the Defendants in this matter. We write in opposition to Plaintiffs' letter request to file an Order to Show Cause. Respectfully, Plaintiffs' contemplated emergency Order to Show Cause is meritless because: a) there are no emergent circumstances; b) Plaintiffs do not allege and cannot demonstrate irreparable harm; c) the balance of equities favors denying Plaintiffs' application; d) Plaintiffs have no likelihood of success; e) the Defendants were not served process; and f) this is not the proper forum for this dispute.

**A. There Are No Emergent Circumstances.**

Preliminarily, Plaintiffs' proposed emergency motion does not arise from an emergency. This action arising from a contract dispute was filed more than a month ago on August 24, 2026 (ECF Doc. 1), and the alleged collections activity took place more than three weeks ago on September 3, 2026.[1]

Plaintiffs commenced this action on August 24, 2026, in an apparent attempt to extort Titan Capital Grp into entering into another contract. Plaintiffs do not actually believe their own salacious allegations against the Defendants and, in fact, **on the same day** they filed this action, they were still attempting to lure Defendants to provide them with more funds by soliciting Titan to enter into another agreement. **Ex. A**. Plaintiffs have not yet even served process on any of the Defendants and, as such, the Court does not even have jurisdiction over any of the Defendants[2]; if there was an emergency, Plaintiffs would have served the Defendants a month ago.

**B. Plaintiffs Do Not Allege And Cannot Demonstrate Irreparable Harm.**

There is nothing even remotely close to irreparable harm at stake detailed in Plaintiffs' letter. Plaintiffs' letter complains that Titan Capital Grp is utilizing the Uniform Commercial Code to collect certain accounts receivable directly for up to $11,481.250. They then make a claim about the services the Plaintiffs' portfolio companies provide and imply that harm could be "irreversible." Nowhere do they discuss or meaningfully account for whether they need these accounts, the

[1] The Complaint is framed as an action alleging RICO, RICO conspiracy, declaratory judgment, and fraud. Nevertheless, this is little more than window dressing for a commercial contract dispute.

[2] Valid service of process is a prerequisite to the exercise of personal jurisdiction over a defendant. *AICPA v Affinity Card*, 8 F. Supp. 2d 372 (S.D.N.Y. 1998). Personal jurisdiction is a prerequisite to granting injunctive relief. *Natl. Union Fire Ins. Co. v Kozeny*, 115 F. Supp. 2d 1231, 1236 (D. Colo. 2000).



34 Willis Ave, Suite 55
Mineola, New York 11501
Office: 516-260-7367
cmurray@murraylegalpllc.com
www.murraylegalpllc.com

MURRAY
LEGAL PLLC

accounts they are still collecting, or the fact that they received millions and without this activity are profiting at Titan Capital Grp's expense. They do not even affirmatively claim that their business will fail if Titan Capital Grp collects $11,481.250 or their accounts receivable. "Recoverable monetary loss may constitute irreparable harm only where the loss threatens the very existence of the movant's business." *Malarkey v Texaco, Inc.*, 794 F Supp 1248, 1250 (SDNY 1992) (*quoting Wisconsin Gas Co. v. Federal Energy Regulatory Comm.,* 758 F.2d 669, 674 (D.C. Cir. 1985)). Moreover, the "movant [must *provide[ ] evidence* of damage that cannot be rectified by financial compensation." *Tucker Anthony Realty Corp. v Schlesinger*, 888 F2d 969, 975 (2d Cir 1989). Here, they are not even suggesting they could meet this standard.

While we are in the earliest stages of investigating this matter, Titan Capital Grp's underwriting file included records from Plaintiffs showing, as of June 2026, that Plaintiffs have $185,008,798.96 in outstanding accounts receivable, approximately $90,000,000 of which is in the 0-121 days since issuance range. **Ex. B**. Moreover, as of March 2026, Plaintiffs' financials showed assets of over $373,192,128 with owner equity after all liabilities exceeding $58,000,000. **Ex. C**. Moreover, the Individual Plaintiff's personal financial statement shows total assets as of July 1, 2026, in the amount of $709,433.884. **Ex. D**. Quite simply, there is no irreparable harm alleged and the materials submitted to Titan Capital Grp by Plaintiffs make clear that this is a purely monetary dispute. By asking this Court to hear an emergency injunction application, Plaintiffs hope to completely strip Titan Capital Grp of its statutory remedies, thereby effectively nullifying financing agreements on which they received the full benefit through significant cash advances, and force the Defendants into capitulating.

**C. The Balance Of Equities Favors Defendants, Not Plaintiffs.**

The balance of equities similarly does not favor injunctive relief either. Plaintiffs do not allege that, at the present, they have sustained *any* loss. Their letter throws around a lot of numbers and complains that the terms of a multi-million dollar transaction that Plaintiffs negotiated are unfavorable but they do not allege that they have paid more money than they received because they are the net beneficiaries of their dealings with Titan Capital Grp whereas Titan Capital Grp is the injured party. Simply put, the contracts they seek to nullify through a TRO netted Plaintiffs several million dollars, even accounting for what they remitted back prior to intentionally breaching them.

**D. Plaintiffs Have No Likelihood Of Success.**

Even assuming *arguendo* Plaintiffs' claims about loans and usury laws governed by New York law, three of the five agreements mentioned in the Complaint would be legally exempt for monetary threshold reasons. N.Y. Gen. Oblig. Law § 5-501(6)(b). However, the Agreements were not governed by New York law, they were governed by Connecticut law. ECF Doc. 1, ¶98 (acknowledging the "Connecticut choice-of-law clause"). Under Connecticut Law, even if the transactions were loans, they would not violate Connecticut's usury laws. Conn. Gen. Stat. §37-9 (exempting loans to businesses over $10,000 from the usury statutes). Summit Advance, LLC d/b/a Titan Capital Grp is a Connecticut limited liability company. The parties' chosen law will generally be enforced so long as it bears a reasonable relationship to the parties or the transaction.



34 Willis Ave, Suite 55
Mineola, New York 11501
Office: 516-260-7367
cmurray@murraylegalpllc.com
www.murraylegalpllc.com

MURRAY
LEGAL PLLC

Notwithstanding Plaintiffs' contentions, Texas public policy does not supersede the parties' choice of Connecticut law. "In Texas, there is nothing inherently violative of public policy in contracting for another state's usury laws to apply." *Saturn Capital Corp. v. Dorsey*, 2006 Tex. App. LEXIS 5633, *23 (Tex. 1st. Ct. App. June 29, 2006). Indeed, "Texas favors the enforcement of choice-of-law provisions. This is true in usury claims." *Truist Bank v. Nephserv, LLC*, 2021 U.S. Dist. LEXIS 10079 (N.D. Tex. Jan. 13, 2021) (internal citations omitted). Nor does New York have any overriding interest in a transaction between a Connecticut company and Texas company where the parties expressly agreed to Connecticut law. The foregoing is dispositive of Plaintiffs' first, second, third and fourth claims governed by Texas or New York law.

Plaintiffs' fifth claim does not allege a fraud claim and amounts to an attempt to rope in additional parties solely based upon non-actionable allegations about future transactions. Moreover, it lacks any concrete factual allegations of damages or causation.

As previously noted, Plaintiffs have not yet even served any of the Defendants and, as such, dismissal is proper for lack of personal jurisdiction and service. Additionally, this action should be dismissed in favor of the parties' chosen forum, the state courts in Connecticut, County of Fairfield.[3] This action should be dismissed because this is an improper forum. Even if everything Plaintiffs believe to be true were the case, dismissal will be mandatory because this is not a proper forum. *See, e.g., DarkPulse, Inc. v. FirstFire Glob. Opportunities Fund, LLC*, 2024 U.S. App. LEXIS 7329, at *4-5 (2d Cir. Mar. 28, 2024).

Plaintiffs' letter was full of allegations about non-party Joel Getter and his alleged personal bankruptcy; it is not altogether clear what Plaintiffs intended to argue or why the bankruptcy of a non-party, who they might otherwise have sued as a defendant, would somehow vitiate in favor of this Court issuing an injunction for Plaintiffs. Suffice to say, Plaintiffs' focus on Mr. Getter's bankruptcy suggests that they believe they need to seek relief from a stay from a bankruptcy court if they believe their claims here might impair a bankruptcy estate's interests.

For the foregoing reasons, the Court should deny Plaintiffs leave to file an emergency order to show cause for injunctive relief. Thank you kindly for the Court's attention to this matter. If the Court has any questions, comments, or concerns, please feel free to contact the undersigned.

Respectfully,

/s/ Christopher R. Murray
Christopher R. Murray, Esq.

[3] The Agreement would also permit an action in state court for New York in the county of Kings.



34 Willis Ave, Suite 55
Mineola, New York 11501
Office: 516-260-7367
cmurray@murraylegalpllc.com
www.murraylegalpllc.com