UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ZOO CAPITAL HOLDINGS, LLC *et al.*,

Plaintiffs,

-v-

TITAN CAPITAL GRP, *et al.*,

Defendants.

26 Civ. 7224 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

This order resolves a motion for emergency relief. On Thursday, September 17, 2026, Zoo Capital Holdings, LLC and its fellow plaintiffs (individually and together, "Zoo Capital") moved for a temporary restraining order and a preliminary injunction restraining defendant Titan Capital GRP ("Titan") from enforcing its UCC collection notices. Dkt. 6 ("Mot.") at 1. Zoo Capital alleges that Titan, by freezing Zoo Capital's restaurant operating receipts as a means to collect $11,481,250 owed to Titan, has cut off the "cash necessary to keep an active healthcare system functioning." *Id.*

On Friday, September 25, 2026, Titan responded by email ("Response"). It argues that Zoo Capital's claim of urgency is undermined by the fact that Titan's collection activity, as alleged, took place more than three weeks ago, and that Zoo Capital, despite filing this action on August 24, 2026, has yet to serve defendants. Response at 1. Titan further argues that Zoo Capital cannot establish the required element of irreparable injury, because any monetary injury is remediable, and because Zoo Capital has not shown that, if Titan enforces and collects on the UCC notices, Zoo Capital's business will fail. *Id.* at 2.

"It is well established that in this Circuit the standard for an entry of a TRO is the same as for a preliminary injunction." *Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008) (collecting cases). To obtain such relief, a plaintiff must show: "(1) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005 (internal citation omitted). Where the movant has not shown irreparable harm, emergency relief cannot be granted. *See JBR, Inc. v. Keurig Green Mountain, Inc.*, 618 Fed. Appx. 31, 33 (2d Cir. 2015) (summary order) ("Irreparable harm . . . is the '*sine qua non* for preliminary injunctive relief.'" (quoting *USA Recycling, Inc. v. Town of Babylon*, 66 F.3d 1272, 1295 (2d Cir. 1995)); *State Farm Mut. Auto. Ins. Co. v. Tri-Borough NY Med. Prac., P.*C, 120 F.4th 59, 80 (2d Cir. 2024) ("The irreparable harm requirement is the single most important prerequisite for the issuance of a preliminary injunction."); *see, e.g.*, *CSI Entertainment, LLC v. Mayweather*, No. 26 Civ. 5150, 2026 WL 1910552, at *4 (S.D.N.Y. July 2, 2026) (denying TRO motion where plaintiffs failed to show irreparable harm); *Aegis Capital Corp. v. Digital Ally*, No. 25 Civ. 9938, 2025 WL 3523214, at *4–6 (S.D.N.Y Dec. 9, 2025) (same); *Shymansky v. State of New York*, No. 25 Civ. 10850 (PAE), 2026 WL 2389065, at *2 (S.D.N.Y. May 20, 2026) (same).

On the basis of the parties' submissions to date, Zoo Capital has not made the required showing of irreparable harm.

To establish irreparable harm, plaintiffs must demonstrate "an injury that is neither remote nor speculative, but actual and imminent." *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989) (internal citation omitted). And they must establish that the injury cannot be rectified by financial compensation. *Id.*; *see also Seibel v. Frederick*, No. 20 Civ. 2603, 2020 WL 1847792, at *4 n.4 (S.D.N.Y. Apr. 13, 2020).

Here, Zoo Capital notes that, conceptually, the "threatened loss of an operating business *can* be irreparable," and that "interrupted patient care cannot be repaired by damages." Mot. at 3 (citing *Tom Doherty Associates, Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 37–38 (2d Cir. 1995). But it has not adduced evidence supporting that such is so *in this case*. The freeze, as depicted, appears to be directed to restaurant operating receipts. *Id.* at 1. Zoo Capital has not shown that its overall operating business is threatened as a whole by a freeze of this nature. Nor has it substantiated its claim that the freeze exposes patient care to an immediate threat of interruption and "places healthcare receipts directly in its collection path." *Id.* Moreover, Titan proffers that Zoo Capital's financial records (from June 2026) that are most recently available to it reflects that Zoo Capital has more than $185 million in accounts receivable and that plaintiffs' balance sheets reflect more than (1) $373 million in assets and (2) $58 million in owner equity exceeding liabilities. Response at 2.

On the limited facts proffered, Zoo Capital has not established that any monetary injury to itself—if the debts on the basis of which Titan has undertaken collection efforts are proven not to exist or if these efforts are proven to have been unlawful—cannot be rectified by financial compensation. *See, e.g.*, *Borey v. National Union Fire Ins. Co. of Pittsburgh, Pennsylvania*, 934 F.2d 30, 34 (2d Cir. 1991) ("[A] mere possibility of irreparable harm is insufficient to justify the drastic remedy of a preliminary injunction."). The Court accordingly cannot find irreparable

harm. The Court therefore does not have any charter to enjoin Titan's collection efforts. *See, e.g.*, *Grand River Enterprise Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 68 (2d Cir. 2007) ("The finding of no showing of irreparable harm is dispositive."); *LSSi Data Corp. v. Time Warner Cable, Inc.*, 892 F. Supp. 2d 489, 501 (S.D.N.Y. 2012) ("Thus, where there is an adequate remedy at law, such as an award of money damages, injunctions are unavailable except in extraordinary circumstances." (internal quotation marks and citation omitted)); *Butcher v. Gerber Prod. Co.*, 8 F. Supp. 2d 307, 312 (S.D.N.Y. 1998) ("Irreparable injury is one that cannot be redressed through a monetary award. Where money damages are adequate compensation, a preliminary injunction will not issue.").

The Court thus denies Zoo Capital's request for emergency relief. This denial, however, is without prejudice. Zoo Capital, in requesting such relief and a conference, represented that at such a conference, it would present evidence in the form of "notices, [a] processor confirmation, contracts, [and] declarations." Mot. at 3. Zoo Capital is at liberty to move anew for emergency relief, but should it choose to do, this time, it must present, along with its motion, evidence substantiating the elements required for such relief, including irreparable harm, rather than promising in the future to furnish the Court with declarations and physical evidence supporting these showings.

In light of the pace of events, the Court is open to scheduling an initial conference in this case with dispatch, and to hear arguments for putting in place an expedited case management and discovery plan. The Court will schedule such a conference promptly upon plaintiffs' filing a declaration on the docket of this case attesting to its having served defendants.

The Court directs Titan to file its Response on the docket by Wednesday, September 30, 2026.

SO ORDERED.

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge

Dated: September 28, 2026
New York, New York